## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| DALE KOKOSKI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. BERNALES, *et. al.*,<br><br>　　　　　Defendants. | Case No. 3:23-CV-00011-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 21] |

Before the Court is Plaintiff Dale Kokoski's ("Kokoski") motion for leave to amend his complaint, along with his proposed amended complaint. (ECF Nos. 21, 21-1, respectively.) No opposition was filed. For the reasons discussed below, the Court recommends that the motion for leave to amend, (ECF No. 21), be denied.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Kokoski is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On January 5, 2023, Kokoski filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Kokoski was incarcerated at the Ely State Prison ("ESP"). (ECF No. 1-1.) On May 30, 2023, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 6.) The screening order allowed Kokoski to proceed on a single Eighth Amendment deliberate indifference to serious medical needs against Defendant Dr. Bernales. (*Id.* at 6, 10.) The Court dismissed, without prejudice, Defendants ESP Medical Department and Jane Doe nurses. (*Id.*)

The Complaint alleged the following: Kokoski has "endured the excruciating pain of having pressure placed on a nerve somewhere between his spine, neck, shoulder, and right hand." (ECF No. 7 at 3.) "The injury is so severe that on two separate

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

occasions[,] [Kokoski] has awoken paralyzed." (*Id.*) Kokoski was paralyzed for almost two months on one occasion. (*Id.*) Kokoski was prescribed "an anti-inflammatory medication called prednisone, which immediately helped with the paralysis and pain." (*Id.*)

Kokoski told Drs. Bernales and Benson that prednisone is the only medication that works to treat his symptoms. (*Id.*) "But because of the different opinions from Bernales, Benson, and ESP medical staff[,] [Kokoski] has not received adequate medical treatment . . . and is always in pain and barely mobile." (*Id.*) Dr. Bernales and ESP medical staff are aware of Kokoski's pain and immobility, "yet do nothing [to] mollify or mitigate" his condition other than prescribe ibuprofen, which Kokoski could purchase from the commissary. (*Id.*)

Kokoski alleges that Defendants are aware that Kokoski's condition places him at risk for suffering permanent paralysis. (*Id.*) Dr. Benson ordered that Kokoski see a specialist, but he has not been scheduled for such an appointment. (*Id.* at 3-4.) Dr. Benson diagnosed Kokoski with "severe and permanent nerve damage" and said that's the cause of his pain and "temporary bouts of [paralysis]." (*Id.* at 4.) Dr. Bernales and ESP medical staff are aware of Dr. Benson's diagnosis but still "fail to act and transport [Kokoski] to see someone with the expertise of dealing with nerve damage." (*Id.*)

Following screening, the action was stayed for 90-days to allow the parties an opportunity to settle. (*See* ECF Nos 6, 13.) On September 26, 2023, Kokoski and Interested Party NDOC participated in an Early Mediation Conference, however, the parties did not settle. (ECF No. 17.) On September 27, 2023, the stay was lifted, and Kokoski was advised that service on Defendant Bernales must be completed by December 26, 2023. (ECF No. 18.)

On October 19, 2023, the NDOC filed notice that it could not accept service on behalf of the only named Defendant Dr. Bernales, and thus, the NDOC filed Bernales's last known address under seal. (ECF No. 22, 23, 24.) To date, Defendant Bernales has not been served.

On October 6, 2023, Kokoski filed the instant motion for leave to file an amended complaint. (ECF No. 21.) Kokoski seeks to name six additional defendants and add additional allegations related to the hiring of Dr. Bernales, which Kokoski claims was improper due to Bernales being "disbarred as a doctor." (ECF No. 21-1.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id*. (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id*. In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

///

### III.   DISCUSSION

Kokoski seeks to amend his complaint to name six additional defendants and assert additional allegations related to the hiring of Dr. Bernales, which Kokoski claims was improper due to Bernales being "disbarred as a doctor." (*See* ECF No. 21-1.) Having reviewed Kokoski's proposed pleading the Court finds that the motion to amend, (ECF No. 21) should be denied, as the proposed amended complaint is subject to claims of immunity and is therefore futile.

Construing the allegations in the light most favorable to Kokoski, it appears Kokoski intends to amend his complaint to raise state law negligence and/or tort claims based on medical treatment, professional medical judgment, and negligent hiring. Under Nevada law, the State of Nevada has generally waived sovereign immunity for state tort actions in state court. *See* NRS § 41.031(1). In order to sue the State of Nevada or a state employee, the plaintiff is required to sue the State of Nevada or appropriate political subdivision. *See* NRS §§ 41.031, 41.0337. "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." *Id.* § 41.031(2).

In *Craig v. Donnelly*, 439 P.3d 413 (Nev. App. 2019), the Nevada Court of Appeals held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort claims. Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." *Id.* at 414. In *Craig*, the Nevada Court of Appeals addressed whether a plaintiff had to name the State as a party in a state court case. *Id.* at 413.

With respect to federal court cases, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. *See* NRS § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada

has explicitly refused to waive its immunity to suit under the eleventh amendment ... The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states."). In *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *See id.* at 1133-34.

For this reason, the Court finds that Kokoski must raise any state law negligence and/or tort claims in state court, and those claims cannot be raised in this case and must be dismissed based on immunity. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a county employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party). Because the Court finds that amendment would be futile based on immunity, the motion should be denied. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (a motion for leave to amend a complaint may be denied if the proposed amendment is futile or would be subject to dismissal).

Accordingly, the Court recommends that the motion to amend, (ECF No. 21), be denied, and that the original complaint, (ECF No. 7), and the screening order on the complaint, (ECF No. 6), remain operative in this case. Further, the Court recommends that the litigation continue to proceed on the single Eighth Amendment deliberate indifference to serious medical needs claims against Defendant Bernales, only.[2]

**IV.    CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Kokoski's motion to amend, (ECF No. 21), be denied.

---

[2] Kokoski is reminded that because the NDOC could not accept service on behalf of Dr. Bernales, Kokoski must file a motion requesting issuance of a summons for Bernales, and if service is not perfected by December 26, 2023, Bernales will be dismissed for failure to effectuate service pursuant to Fed. R. Civ. P. 4(m). (*See* ECF No. 18 at 2.)

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Kokoski's motion to amend, (ECF No. 21), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the original complaint, (ECF No. 7), and screening order on the complaint, (ECF No. 6), remain operative in this case.

**DATED**: November 14, 2023

**UNITED STATES MAGISTRATE JUDGE**