**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DALE KOKOSKI,

                                             Plaintiff,

        v.

DR. BERNALES, *et al.*,

                                             Defendants.

Case No. 3:23-CV-00011-MMD-CLB

**ORDER DENYING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

[ECF No. 41]

        Before the Court is Plaintiff Dale Kokoski's ("Kokoski") motion for leave to file an amended complaint. (ECF No. 41.) No opposition was filed, as no defendants have been served in this matter. For the reasons stated below, the Court denies Kokoski's motion to amend.

        Kokoski is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On January 5, 2023, Kokoski filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Kokoski was incarcerated at the Ely State Prison ("ESP"). (ECF No. 1-1.) On May 30, 2023, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 6.) The screening order allowed Kokoski to proceed on a single Eighth Amendment deliberate indifference to serious medical needs against Defendant Dr. Bernales. (*Id.* at 6, 10.) The Court dismissed, without prejudice, Defendants ESP Medical Department and Jane Doe nurses. (*Id.*)

        The Complaint alleged the following: Kokoski has "endured the excruciating pain of having pressure placed on a nerve somewhere between his spine, neck, shoulder, and right hand." (ECF No. 7 at 3.) "The injury is so severe that on two separate occasions[,] [Kokoski] has awoken paralyzed." (*Id.*) Kokoski was paralyzed for almost two months on one occasion. (*Id.*) Kokoski was prescribed "an anti-inflammatory medication called prednisone, which immediately helped with the paralysis and pain." (*Id.*)

        Kokoski told Drs. Bernales and Benson that prednisone is the only medication that

works to treat his symptoms. (*Id.*) "But because of the different opinions from Bernales, Benson, and ESP medical staff[,] [Kokoski] has not received adequate medical treatment . . . and is always in pain and barely mobile." (*Id.*) Dr. Bernales and ESP medical staff are aware of Kokoski's pain and immobility, "yet do nothing [to] mollify or mitigate" his condition other than prescribe ibuprofen, which Kokoski could purchase from the commissary. (*Id.*)

Kokoski alleges that Defendants are aware that Kokoski's condition places him at risk for suffering permanent paralysis. (*Id.*) Dr. Benson ordered that Kokoski see a specialist, but he has not been scheduled for such an appointment. (*Id.* at 3-4.) Dr. Benson diagnosed Kokoski with "severe and permanent nerve damage" and said that's the cause of his pain and "temporary bouts of [paralysis]." (*Id.* at 4.) Dr. Bernales and ESP medical staff are aware of Dr. Benson's diagnosis but still "fail to act and transport [Kokoski] to see someone with the expertise of dealing with nerve damage." (*Id.*)

Following screening, the action was stayed for 90-days to allow the parties an opportunity to settle. (See ECF Nos 6, 13.) On September 26, 2023, Kokoski and Interested Party NDOC participated in an Early Mediation Conference, however, the parties did not settle. (ECF No. 17.) On September 27, 2023, the stay was lifted, and Kokoski was advised that service on Defendant Bernales must be completed by December 26, 2023. (ECF No. 18.) On October 19, 2023, the NDOC filed notice that it could not accept service on behalf of the only named Defendant Dr. Bernales, and thus, the NDOC filed Bernales's last known address under seal. (ECF No. 22, 23, 24.) To date, Defendant Bernales has not been served—despite the Court granting extension of time for Kokoski to complete service of Dr. Bernales.

On October 6, 2023, Kokoski filed a motion for leave to file an amended complaint, where he sought to name six additional defendants and add additional allegations related to the hiring of Dr. Bernales, which Kokoski claims was improper due to Bernales being "disbarred as a doctor." (ECF Nos. 21, 21-1.) Ultimately, the motion to amend was denied because the new claims were state law negligence and/or tort claims that must be raised

1   in state court. (ECF Nos. 30, 34.)

2   On December 27, 2023, Kokoski filed the instant motion for leave to file an
3   amended complaint, (ECF No. 41). Kokoski's motion for leave to file an amended
4   complaint consists of a one-page document that states Kokoski has determined the
5   names of Jane Doe nurses that were dismissed without prejudice in the original screening
6   order, so he would like to amend his complaint to add the two new parties. (*Id.* at 2.)

7   While Kokoski is correct that the screening order dismissed the Doe Defendant
8   without prejudice, the screening order also specifically found that Kokoski's complaint
9   failed to state a colorable claim against the Jane Doe nurses. (ECF No. 6 at 6.)
10  Specifically, the screening order found:

11          the allegations [of the complaint] do not state a colorable claim that any
            other member of ESP's medical staff, including the Jane Doe nurses whom
12          Kokoski sues, chose this course of treatment, or could override Dr.
            Bernales's orders. Nor does Kokoski plead facts about how any nurse or
13          other medical staff personally participated in this alleged constitutional
14          violation.

15  (*Id.*) Thus, because the screening order found that the complaint did not state any
16  colorable claims against the Jane Doe nurses, Kokoski cannot merely substitute in the
17  names for these defendants. Kokoski must file an amended complaint that clearly alleges
18  that the nurses personally participated in the alleged constitutional violation.

19  Accordingly, Kokoski's motion for leave to file an amended complaint, (ECF No.
20  41), is denied with leave to refile. If Kokoski chooses to file an amended complaint, he
21  must do so by no later than **Monday, February 26, 2024**.

22  Further, the Court will *sua sponte* grant <u>one final</u> extension of time to **Monday,**
23  **March 25, 2024**, for Kokoski to effectuate service of Defendant Bernales pursuant to Fed.
24  R. Civ. P. 4(m). If service is not completed by this date, the Court will recommend
25  dismissal.

26          **IT IS SO ORDERED.**

27  **DATED**:  January 25, 2024  .

28
                                              **UNITED STATES MAGISTRATE JUDGE**

                                        3